# IN THE COURT OF APPEALS OF IOWA

No. 20-0214
Filed April 15, 2020

**IN THE INTEREST OF S.J.,**
**Minor Child,**

**A.C., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

A mother appeals the termination of her parental rights to her son. **AFFIRMED.**

Cameron M. Sprecher of Sprecher Law Office, PLC, Mason City, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

David A. Grooters, Mason City, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights to one child, born in 2017. She does not contest the statutory grounds under Iowa Code section 232.116(1) (2019) on which the district court terminated her parental rights. Rather, her sole argument on appeal is that the district court erred in not granting a six-month extension for her to work on reunification efforts. Based on our independent review of the record, we affirm the district court.

## I. Background Facts and Proceedings

The Iowa Department of Human Services (DHS) became involved with this family in March 2019, when the father reported to DHS that he could not care for his young son, S.J. The father was unable to provide a location for the mother and reported she was actively using methamphetamine. S.J. was removed from parental custody and placed in foster care on March 25, 2019. The mother did not contact DHS until April 3.

S.J. was adjudicated to be a child in need of assistance on April 19, pursuant to Iowa Code section 232.2(6)(k). A dispositional order was entered on June 3 and a permanency order was entered on September 20. S.J. remained in foster care throughout the life of the case. There has never been a trial period at home. The district court terminated the parental rights of the mother and father on January 21, 2020, pursuant to Iowa Code section 232.116(1)(e) and (h). The mother filed a timely notice of appeal.[1]

---

[1] The father does not appeal from the termination order.

**II. Standard of Review**

Appellate review of termination of rights proceedings is de novo. *In re L.T.* 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interest of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

**III. Discussion**

We turn to the mother's sole argument on appeal—the denial by the district court of a six-month extension. Under Iowa Code section 232.104(2)(b), a court may refrain from terminating a parent-child relationship and continue the current placement of the child for an additional six months if it determines "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." In order to grant such an extension, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes" providing the basis for its decision. Iowa Code § 232.104(2)(b). We review a court's refusal to grant a six-month extension de novo. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) ("[T]he proper standard of review for all termination decisions should be de novo.").

S.J.'s mother struggled with substance-abuse and mental-health issues, along with a lack of stable housing, throughout the life of the case. She completed an assessment on November 1, 2019, but wholly failed to follow through with treatment. While she initially indicated she was admitting to inpatient treatment on January 6, 2020, she failed to admit. On the day of the termination hearing, she again asserted through counsel that she was admitting to an inpatient facility.

However, no proof of the same was provided to the district court. She failed to appear at the termination hearing.

DHS has offered the mother extensive services to address her mental-health and substance-abuse issues. However, the record is void of any progress made by the mother since case initiation. Following the removal of S.J., the mother remained in an unhealthy relationship that has been highlighted by domestic abuse. While presented with opportunities for fifty-two visits with her son since case initiation, she has only attended eighteen. She has been incarcerated approximately three separate times since S.J.'s removal.

It is clear that due to the mother's lack of progress—despite the offer or receipt of many services from the time of removal until the termination hearing—the mother would not be fit to care for her young son in another six months' time. The district court record supports this conclusion.

Iowa courts look skeptically at "last-minute" attempts to address longstanding issues, finding them inadequate to preclude termination of parental rights. *See In re C.B.,* 611 N.W.2d 489, 494 (Iowa 2000). Here, the mother did not act until the eleventh hour to obtain treatment, if she indeed entered treatment on the day of the termination hearing. The case plans generated during the underlying child-in-need-of-assistance proceedings and testimony at the termination hearing consistently note the mother's general lack of participation in services. Continued placement of S.J. for an additional six months is not appropriate because the record lacks evidence that the need for removal would be resolved at the end of the extension. *See In re A.A.G.,* 708 N.W.2d 85, 92 (Iowa

2005); *In re A.D.*, No. 15-1508, 2016 WL 902953, at *2 (Iowa Ct. App. Mar. 9, 2016).

Moreover, "we have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). Consequently, we agree that the district court properly denied the mother's request for a six-month extension. *See* Iowa Code § 232.104(2)(b); *In re M.B.*, No. 15-0503, 2015 WL 2393771, at *4 (Iowa Ct. App. May 20, 2015).

**IV. Conclusion**

Given the mother's lack of progress, we cannot find that the need for removal of S.J. will no longer exist at the conclusion of the six-month period. We affirm the district court's declination of an additional six-month extension.

**AFFIRMED.**